# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON BOWMAN, | ) 1:08cv0119 AWI DLB |
| | ) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S |
| | ) MOTION FOR LEAVE TO TAKE |
| v. | ) CLASS DISCOVERY |
| | ) |
| MORTGAGE TREE LENDING, INC., et al., | ) (Document 34) |
| | ) |
| Defendants. | ) |

Plaintiff Gordon Bowman, on behalf of himself and all others similarly situated ("Plaintiff"), filed the instant motion for leave to take class discovery on October 30, 2008. The motion was heard on December 5, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. Joshua Haffner appeared on behalf of Plaintiff. There was no appearance for Defendants Mortgage Tree Lending, Inc., or W.J. Bradley Company Merchant Partners, LLC.

## BACKGROUND

Plaintiff filed this truth in lending class action on January 24, 2008. He filed a Second Amended Complaint on February 26, 2008, alleging causes of action for (1) violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.,* ("TILA"); (2) violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200, *et seq.,* for practices predicated on violations of TILA; (3) violation of California's Unfair Competition Law for unfair or fraudulent business acts; (4) fraudulent omission; (5) breach of contract; (6) breach of the implied covenant of good faith and fair dealing; and (7) violation of

1

California's Unfair Competition Law for practices predicated on violations of California Financial Code § 22302. Plaintiff seeks monetary damages, as well as equitable, injunctive and declaratory relief.

Plaintiff received permission to serve Mortgage Tree Lending by service on the California Secretary of State, and served process on July 14, 2008. Defendant did not respond or otherwise appear and Plaintiff believes that it has gone out of business.[1] The Clerk entered default against Mortgage Tree Lending on August 18, 2008.

## FACTS

Plaintiff's allegations are based on Defendants' failure to clearly and conspicuously disclose, and/or active concealment of, material information regarding Adjustable Rate Mortgages ("ARMs") to lure Plaintiff and Class Members into purchasing loans that would result in negative amortization, loss of equity and, in some cases, foreclosure.

Plaintiff seeks to certify the following classes:

> The California Class: All individuals who, within the four year period preceding the filing of Plaintiff's Complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendants on their primary residence located in the State of California. Excluded from the California Class are Defendants' employees, officers, directors, agents, representative and their family members.

> The National Class: All individuals in the United States of America who, within the four year period preceding the filing of Plaintiff's Complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendants on their primary residence located in the United States of America. Excluded from the National Class are Defendants' employees, officers, directors, agents, representative and their family members.

> National Sub-Class: All individuals in the United States of America who, within the three year period preceding the filing of Plaintiff's Complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendants on their primary residence located in the United States of America. Excluded from the National Sub-Class are Defendants' employees, officers, directors, agents, representative and their family members.

## DISCUSSION

Plaintiff moves pursuant to Rule 26 for an order permitting him to take discovery of "current or former officers, executives and employees of Defendant Mortgage Tree Lending, or other persons or

---

[1] Plaintiff believes that Defendant W.J. Bradley purchased Defendant Mortgage Tree in or about September 2007, and now owns the ARM loans that are the subject of this action.

entities, who may have information concerning the ARM loans sold by Defendant during the putative Class Period and/or have information or documents regarding class certification issues."

Plaintiff seeks discovery for two purposes. The first is related to determining whether there are other parties that should be joined in the instant action. Plaintiff believes that Defendant has sold or assigned many of the involved loans to other entities who may be liable. 15 U.S.C. § 1641 provides that any person who purchases, or is assigned, a mortgage is subject to all claims and defenses with respect to the mortgage. Plaintiff therefore seeks discovery related to the identity of each such subsequent purchaser or assignee of the ARM loans Defendant sold during the putative class period.

Second, Plaintiff seeks discovery related to class certification issues, pointing out that a motion for class certification will be necessary before default judgment can be entered on behalf of the class. Plaintiff believes that Defendant's current or former corporate officers, executives and employees have, or are likely to have, information concerning (1) the number of Option ARM loans sold to borrowers during the liability period; (2) the location of loan documents and other relevant information concerning Defendant's loan practices during the liability period; and (3) certification issues.

In light of the fact that there has been no opposition to the instant motion, and because discovery may lead to joinder of non-defunct defendants, the Court GRANTS Plaintiff's motion. Plaintiff is further ORDERED to file a status report no later than March 31, 2009.

IT IS SO ORDERED.

Dated: **December 9, 2008**              /s/ Dennis L. Beck
                                                                      UNITED STATES MAGISTRATE JUDGE